IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41392 |
| | ) | |
| DARREN PATRICK WULF and | ) | CH. 7 |
| SHERRI LYNN WULF, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on March 28, 2007, on Debtors' Application to Apply for Consolidated Farm Service Agency Programs (Fil. #24) and Debtors' Objection to Claim of Ag Valley Cooperative, Nonstock (Fil. #38). Both the Application and Objection were resisted by creditor Ag Valley Cooperative, Nonstock (Fil. #30 & #44). Bert E. Blackwell appeared for Debtors, and William R. Kutilek appeared for creditor Ag Valley Cooperative, Nonstock ("Ag Valley").

In the fall of 2006, Ag Valley furnished fertilizer, soil conditioner, agricultural chemicals and related services to Debtors on credit for use in Debtors' farming operations. The last date such goods and services were provided was October 14, 2006. Three days later, Debtors filed this Chapter 7 bankruptcy proceeding. On November 22, 2006, Ag Valley filed its proof of claim in the amount of $13,138.56, asserting a secured claim pursuant to Neb. Rev. Stat. § 52-1101, *et seq.*

Shortly after commencing this proceeding, Debtors filed their application to apply for Consolidated Farm Service Agency programs. Debtors do not specifically describe the programs, but assert that Farm Service Agency ("FSA") "requires that it be granted a first lien interest in any collateral pledged pursuant to its programs under 11 U.S.C. §364(c)(2)."[1] Thus, it appears Debtors wish to obtain credit from FSA and to grant to FSA a first lien on their unencumbered assets. Ag Valley objected, asserting that it holds a lien on Debtors' crops pursuant to Neb. Rev. Stat. § 52-1101, *et seq.*, and that it is not willing to subordinate its statutory lien to FSA.

Neb. Rev. Stat. § 52-1101 provides, in relevant part:

> A person, including a firm or corporation, who contracts or agrees with another (1) to furnish any fertilizer, soil conditioner, or agricultural chemical, (2) to furnish machinery and equipment for the application of such products, or (3) or to perform work or labor in the application of such products shall have a lien for the agreed charges . . . upon the crops

---

[1] The reference to § 364 appears to be misplaced. That section addresses the means by which a trustee may obtain credit to operate the business of the debtor. Debtors in this Chapter 7 proceeding do not fall within that Code section.

produced within one year upon the land where such product was applied, the machinery or equipment for application was used, or the work or labor of application was performed, upon the proceeds from the sale of the crops . . . .

In response, Debtors filed an objection to Ag Valley's claim (Fil. #38) asserting that Ag Valley failed to perfect its lien pursuant to Neb. Rev. Stat. § 52-1103 and, therefore, holds an unsecured claim. That statute provides: "In order to be valid against subsequent lienholders, any lien created under section 52-1101 shall be filed within sixty days after the last date upon which the product . . . was furnished . . . ."

Ag Valley's position is that it has a lien under Neb. Rev. Stat. § 52-1101 even though it did not perfect that lien within the 60-day period set out in Neb. Rev. Stat. § 52-1103. In *Commerce Sav. Scottsbluff, Inc. v. F.H. Schafer Elevator, Inc.*, 231 Neb. 288, 302, 436 N.W.2d 151, 161 (1989), the Nebraska Supreme Court stated:

Therefore, this court holds that under § 52-1101, a valid lien is created at the time products, labor, or machinery is supplied and that § 52-1103 merely establishes the priority of that lien. A lien must be filed within 60 days of the last delivery, or that lien, though still a valid lien on crops produced within 1 year of the date the product was supplied and on the proceeds for the sale of such crops, will not have priority over subsequent lienholders.

Addressing first Debtors' objection to claim, Debtors are not objecting to the amount of the claim. Instead, Debtors object to its classification as a secured claim. The Nebraska Supreme Court has interpreted Neb. Rev. Stat. § 52-1101 and has determined that a lien not perfected within 60 days as required by Neb. Rev. Stat. § 52-1103 is still a valid lien, but simply will not have priority over subsequent lienholders. That is the situation we have here. On the date of the bankruptcy filing, Ag Valley had a lien under Neb. Rev. Stat. § 52-1101. No action has been commenced to avoid that lien. Under *F.H. Schafer Elevator*, that lien remains valid as to Debtors even though it was not perfected within 60 days. Thus, Debtors' objection to claim (Fil. #38) is denied.

With respect to the application to apply for Consolidated Farm Service Agency programs, the only objection was by Ag Valley. Specifically, Ag Valley objected to the granting of a prior lien to FSA. However, Neb. Rev. Stat. § 52-1103 is clear that in order to be effective against subsequent lienholders, a lien under Neb. Rev. Stat. § 52-1101 must be perfected within 60 days. The last product was supplied in October 2006, so more than 60 days had passed. Thus, FSA is a "subsequent lienholder" and the lien of Ag Valley under Neb. Rev. Stat. § 52-1101 is not effective as to such subsequent lienholder under Neb. Rev. Stat. § 52-1103. Accordingly, Debtors' application to apply for Consolidated Farm Service Agency programs (Fil. #24) is granted.

IT IS ORDERED:

1.    That Debtors' objection to claim of Ag Valley Cooperative, Nonstock (Fil. #38) is denied; and

2.    Debtors' application to apply for Consolidated Farm Service Agency programs (Fil. #24) is granted.

DATED: April 5, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
  *Bert E. Blackwell
  William R. Kutilek
  Philip M. Kelly
  U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.